IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAY ANTHONY PUGH, | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-4164-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 01-40021 |
| | ) |
| Respondent/Plaintiff. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

      This action is before the Court on Petitioner's motion to reconsider (Doc. 9). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

      Judgment was entered in this action on March 25, 2005, and the instant motion was filed on May 16, 2005, well beyond the 10-day period. *See* FED. R. CIV. P. 59(e). However, Petitioner argues that he was unable to research and prepare a timely motion because he was in segregation

at the time judgment was entered, and he was not released from segregation until May 8, 2005. Therefore, the Court will construe this motion as a timely filed motion to alter or amend judgment, filed pursuant to Rule 59(e).

A Rule 59(e) motion may only be granted if a movant shows that there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).  The instant motion presents no such argument; in fact, Petitioner presents no arguments at all to challenge the correctness of the Court's order.  Further, upon review of the record, the Court remains persuaded that its ruling dismissing the action was correct.  Therefore, the instant motion (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  06/21/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge